## JOHN WILLIAMS V. THE STATE.

### No. 5052.    Decided October 9, 1918.

**1.—Manslaughter—Bystanders' Bill.**
    Where the bystanders' bill of exceptions was promptly filed, upon the filing by the trial judge of the qualifications of the bill of exceptions prepared by defendant's counsel and which was not acceptable to him, the same was filed in time. Following Thomas v. State, 204 S. W. Rep., 999.

**2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where the affidavits filed in this court touching a conflict between the bill of exceptions and the statement of facts, and there appeared some conflict, this court will, nevertheless, follow the established rule to treat the bill of exceptions as correctly reflecting the record.

**3.—Same—Evidence—Divorce—Jurisdiction—Bill of Exceptions.**

Where, upon trial of murder and a conviction of manslaughter, a witness testified that the wife of the defendant secured a divorce from him in Washington County, and the defendant objected thereto because said county would not give the court jurisdiction to grant a divorce, but the bill of exceptions did not show how the issue of manslaughter arose and, besides, was a mere statement of a ground of objections and did not show proper verification, the same could not be considered on appeal; besides, if considered more comprehensive would not show error under the facts.

**4.—Same—Charge of Court—Adequate Cause—Insulting Language to Female Relatives.**

Where, upon trial of murder and a conviction of manslaughter, the evidence showed that the defendant claimed self-defense and the issue of adequate cause, growing out of an insult to defendant's former wife, was not properly raised by the evidence and no charge thereon was requested, and the court in his charge submitted the law of manslaughter as applicable to the facts of which offense defendant was convicted, there was no reversible error.

Appeal from the District Court of Austin. Tried below before the Hon. M. C. Jeffery.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. D. Duncan,* for appellant.—On question of insufficiency of the evidence: Carson v. State, 64 S. W. Rep., 1046.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of bystander's bill: Shook v. Shook, 145 S. W. Rep., 699; Dehounge v. Tel. Co., 84 S. W. Rep., 1068.

MORROW, JUDGE.—Under a prosecution for murder appellant was convicted of manslaughter and his punishment assessed at confinement in the penitentiary for five years.

The objection by the State to the consideration of appellant's bystander's bill, on the ground that it was filed after the trial, should not be sustained. Article 2067, Vernon's Civil Statutes, entitled appellant to file a bystander's bill "if he be dissatisfied with the bill of exceptions filed by the judge." In the present instance the bystander's bill was promptly filed, upon the filing by the trial judge of the qualifications of the bill prepared by appellant's counsel, which qualifications were not acceptable to appellant. See Thomas v. State, 83 Texas Crim. Rep., 325, 204 S. W. Rep., 999, and cases cited therein.

A witness named Emma Brown testified: "Minnie Williams, the wife of John Williams, secured a divorce from John Williams in the

spring of 1917, in Washington County." There are affidavits filed touching a conflict between this bill and the statement of facts. There appears some conflict, but following the established rule we treat the bill as correctly reflecting the record. Branch's Ann. P. C., p. 135, sec. 212. The objection to this evidence seems to have been that there was evidence in the case establishing the fact that Minnie Williams was a resident of Austin County, and that the court in Washington County would have had no jurisdiction to grant the divorce. This is stated, in substance, as the ground of objection, but the fact is not verified as required. See Branch's Ann. P. C., p. 134, sec. 209. "A mere statement of a ground of objection in a bill of exceptions is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objection." The bill also shows that a further objection was that manslaughter was in the case and the evidence would tend to destroy appellant's theory of adequate cause. The criticism mentioned would apply to this in that it does not appear how the issue of manslaughter arose. See Branch's Ann. P. C., sec. 207, p. 132. From a reading of the facts, however, we think that the bill, if more comprehensive, would not show error.

The instructions given by the court cover the various phases of the law of self-defense, and submitted the law of manslaughter to the jury, and the verdict is responsive to this charge, acquitting appellant of murder and convicting him of manslaughter. The charge on manslaughter makes no reference to adequate cause growing out of an insult to a female relative, and there appears to have been no request for such a charge, and no complaint of the failure to embody it. The relations between appellant and his wife were developed by the appellant from the witness Emma Brown. She stated on cross-examination, responding to his questions, that appellant and his wife were not living together at the time of the trouble; that she did not know why they separated. On redirect examination the evidence concerning the divorce was developed. From appellant's testimony it is made to appear that he and deceased, Kirby, had been on unfriendly terms for about a year, this growing out of the attentions of Kirby to appellant's wife before and after the separation. The homicide took place at a gathering, to which appellant claims he went and laid down on the ground near a path; that deceased while walking with appellant's wife and her sister stepped on his hand, whereupon appellant remarked to a companion: "I told you so. The son-of-a-bitch stepped on my hand and would not say anything." That he then struck the deceased with a whip, breaking it, and the deceased ran off threatening to return and kill appellant. Appellant went to the home of a friend, got a gun and some shells, and left the premises, stating he was going to kill deceased. He went to a neighbor's gate, and while in conversation with one Taylor deceased approached and was shot. Appellant claims that deceased came out

from behind a buggy; that he told him to stop, and the deceased raised his hands, and the shot was fired. Deceased was unarmed, but there was evidence that he had made an unsuccessful effort to obtain a gun.

This statement puts the case in the most favorable light to appellant. He was contradicted in several material respects. The evidence, we think, sustains the verdict, and the record discloses that appellant had a fair trial.

The judgment of the lower court is affirmed.

*Affirmed.*